

# NUMBER 13-18-00193-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JIMMY GONZALES A/K/A
JIMMY GONZALES JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 329th District Court
### of Wharton County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Jimmy Gonzales a/k/a Jimmy Gonzales, Jr. appeals from his conviction for continuous sexual assault of a child. *See* TEX. PENAL CODE ANN. § 21.02 (West, Westlaw through 2017 1st C.S.). A jury found Gonzales guilty of the offense. Upon the

recommendation of the jury, the trial court sentenced Gonzales to twenty-five years' imprisonment in the Texas Department of Criminal Justice-Institutional Division.

Determining that there are no errors warranting reversal, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, Gonzales's counsel filed a brief stating that, after a thorough review of the record, he "is unable to find any errors which he, in good faith, can urge warranting a reversal of this conviction." *See* 386 U.S. 738, 744–45 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, Gonzales's counsel has discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error. *See* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to

2

advance on appeal; (2) notifying Gonzales that counsel has filed an *Anders* brief; (3) providing Gonzales with a copy of his motion to withdraw and the *Anders*' brief filed in support of the motion; (4) providing Gonzales with a complete copy of the appellate record; (5) informing Gonzales of his right to review the record, to file a pro se response, and to seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (6) providing Gonzales with a form motion for pro se access to the appellate record, lacking only Gonzales's signature and including the mailing address for this Court.[1]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate time has passed, and Gonzales has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record, counsel's motion to withdraw, and the appellate brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

at 509.   We affirm the judgment.

### III.   MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsel's motion to withdraw that was carried with the case on August 30, 2018. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Gonzales and to advise Gonzales of his right to pursue a petition for review.[2]   *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 29th
day of November, 2018.

---

[2] No substitute counsel will be appointed.   Should Gonzales wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.   *See id.* R. 68.3.   Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See id.* R. 68.4.